IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Case No. 06-111-CV-W-NKL |
| | ) | Crim. Case No. 03-038-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Gregory Johnson's ("Johnson") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Johnson's Motion.

**I.     Background**

Johnson pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base. After Johnson pleaded guilty, the Probation office prepared a Pre-Sentence Investigative Report ("PSIR"). The PSIR calculated Johnson's offense level to be 34, which included the base offense level (32) and a two-point enhancement for possessing a dangerous firearm during the commission of the crime. It also recommended a criminal history category of V based on Johnson's previous convictions. The sentencing range proposed in the PSIR was 235 to 293 months of imprisonment.

On February 2, 2005, the Court conducted a sentencing hearing. The Court sustained Johnson's objection to the two-point enhancement for the possession of a

1

firearm. The Court also reduced Johnson's offense level by three points because he accepted responsibility for his offense. The Court's findings adjusted Johnson's offense level to 29 points and his criminal history category of V remained the same. The sentencing range under the adjusted calculations was 140-175 months imprisonment. The Court sentenced Johnson to 140 months of imprisonment. *See* Judgment [Doc. # 106] at p. 2. The Court also sentenced Johnson to five years of supervised release. *Id.* at p. 3.

In his pending Motion, Johnson asserts that his sentence violates *United States v. Booker*, 543 U.S. 220 (2005). He also argues that the imposition of supervised release violates the Double Jeopardy clause of the United States Constitution.

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Johnson's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

Johnson never raised either of his claims in a direct appeal to the Eighth Circuit

Court of Appeals.  A habeas petitioner cannot raise unappealed issues for the first time in a 2255 proceeding without establishing either (1) cause for the procedural default and actual prejudice resulting from the error, or (2) that a fundamental miscarriage of justice will occur if the court does not consider the unappealed issues.  *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

Johnson does not allege any cause that would have precluded him from raising his challenges in a direct appeal nor does he assert actual prejudice arising from his default.  Thus, Johnson cannot satisfy the first prong of *McCall*.  Specifically, *Booker* was decided before Johnson was sentenced and Johnson was aware that supervised release was imposed as of the date of his sentencing.

Johnson also cannot demonstrate that a fundamental miscarriage of justice will occur if the Court does not consider his claims for relief.  This exception is available only to a movant who demonstrates "that a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *McCall*, 114 F.3d at 757 (citing *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)).  This prong of *McCall* is inapplicable to Johnson because he admitted that he was guilty of the underlying criminal activity.

Because Johnson failed to first pursue his claims in a direct appeal, this Court will not consider them.  Johnson's Motion is denied.

**IV.    Conclusion**

Accordingly, it is hereby

ORDERED that Johnson's Motion to Vacate, Set Aside, or Correct Sentence

3

Pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

DATE: June 13, 2006
Kansas City, Missouri